Electronically Filed
11/1/2017 3:41 PM
Fourth Judicial District, Ada County
Christopher D. Rich, Clerk of the Court
By: Nichole Snell, Deputy Clerk

Warren W. Dowdle ISB #5975
Laurie Litster Frost ISB #7479
**LITSTER FROST INJURY LAWYERS**
3501 W. Elder St., Suite 208
Boise, ID 83705
Email: wwd@litsterfrost.com
Phone: (208) 489-6400
Fax:   (208) 489-6404

Attorneys for Plaintiff

## IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT

## STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | |
|---|---|
| BARBARA ANN GARDNER, individually, | Case No. CV01-17-20388 |
| Plaintiff, | |
| vs. | COMPLAINT AND DEMAND FOR JURY TRIAL |
| HARBOR FREIGHT TOOLS USA, INC., a Delaware corporation, | Category: AA<br>Fee: $221.00 |
| Defendant. | |

The Plaintiff, Barbara Ann Gardner, and by and through Plaintiff's attorneys of record, Litster Frost Injury Lawyers, complains and alleges against Defendants as follows:

### PARTIES

1. Plaintiff, Barbara Ann Gardner (hereinafter "Plaintiff"), resides in Idaho City, Boise County, and State of Idaho.

2. Plaintiff alleges upon information and belief that Defendant, Harbor Freight Tools

COMPLAINT AND DEMAND FOR JURY TRIAL - 1

USA, Inc., (hereinafter "Defendant"), was, and is, a Delaware corporation conducting business in Idaho, at 10296 W. Fairview Avenue in Boise, Idaho, in Ada County.

3. This Complaint is to be considered a "notice pleading" to Defendant. By this Complaint, Defendant is provided notice that Plaintiff asserts any and all legal and equitable theories and causes of action arising out of, resulting in, implied, and/or inferred from the facts and occurrences as set forth in the Complaint. Further, Plaintiff states that this "notice pleading" also provides notice to Defendant that all legal and equitable remedies applicable under all of the facts and circumstances of this case are sought.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in District Court in that the amount of damages exceeds $10,000.00.

5. Venue is proper in Ada County, Idaho pursuant to, and by virtue of, *Idaho Code* § 5-404.

## FACTS

6. Plaintiff restates each and every allegation previously contained herein.

7. On February 3, 2017, Plaintiff was lawfully on Defendant's premises, a hardware store, at 10296 W. Fairview Avenue in Boise, Idaho.

8. As Plaintiff was entering the hardware store she tripped and fell on a rug that Defendant had left bunched up.

9. Plaintiff suffered serious injuries from the fall.

10. No warning signs or cautionary cones were displayed to notify the public or business invitees of the hazardous bunched up rug.

11. At all material times, Defendant knew, or through the exercise of reasonable diligence should have known, that the rug in the entryway was bunched up, and that the bunched

**COMPLAINT AND DEMAND FOR JURY TRIAL - 2**

up rug was dangerous and/or presented an unreasonable risk of harm to the Plaintiff and the public.

## COUNT ONE

12. Plaintiff restates each and every allegation previously contained herein.

13. In light of the fact that the Defendant knew, or through the exercise of reasonable diligence, should have known, that the rug in the entryway was bunched up and that the bunched up rug was dangerous and/or presented and constituted an unreasonable risk of harm to the Plaintiff and the general public, Defendant owed a duty to Plaintiff and to the general public to:

   a. Maintain the premises in a safe condition;

   b. Correct a known dangerous condition;

   c. Warn of a known dangerous condition;

   d. Repair and/or maintain its premises;

   e. Protect Plaintiff and the public from unreasonable risk(s) of harm;

   f. Exercise reasonable care under the circumstances;

   g. Inspect and monitor the condition of the premises; and

   h. Abide by its own rules and regulations, and by all pertinent laws and regulations of all relevant jurisdictions.

14. On or about February 3, 2017, Defendant breached its duties owed to Plaintiff by failing to:

   a. Maintain the premises in a safe condition;

   b. Correct a known dangerous condition;

   c. Warn of a known dangerous condition;

   d. Repair and/or maintain its premises;

   e. Protect Plaintiff and the public from unreasonable risk(s) of harm;

    f. Exercise reasonable care under the circumstances;

    g. Inspect and monitor the condition of the premises; and

    h. Secure the premises to protect the public from known dangers on the premises.

15. As a direct, proximate, and legal result of Defendant's negligence, gross negligence, recklessness and/or intentional acts, Plaintiff slipped and fell and suffered serious and grievous physical injuries. As a direct, proximate, and legal result of the fall, Plaintiff has incurred special damages and general damages in excess of $10,000.00, and in an amount to be proven at trial.

## COUNT TWO

16. Plaintiff restates each and every allegation previously contained herein.

17. As a direct, proximate, and legal result of the acts of Defendant, it has been necessary for Plaintiff to hire the law firm of Litster Frost Injury Lawyers to prosecute this action and, therefore, Defendant is liable for Plaintiff's attorney fees and costs pursuant to Idaho law.

## DEFAULT

18. A reasonable amount for attorney fees and costs in the event of default is $5,000.00 (Five Thousand Dollars) or forty percent of the amount recovered, whichever is greater. In the event this matter is contested, Plaintiff should be awarded such other and/or further relief as determined by the Court according to Idaho law.

## DAMAGES

19. As a proximate and/or producing result of Defendant's intentional acts, negligence, gross negligence, and/or recklessness, Plaintiff has suffered injuries and damages.

20. There may be other factors affecting Plaintiff's damages. However, the intentional acts, negligence, gross negligence, and/or recklessness of Defendant were substantial factors in causing Plaintiff's damages.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 4**

<? >

21. There are certain elements of damages provided by law that Plaintiff is entitled to have the jury consider in determining the sum of money that will fairly and reasonably compensate him for his injuries and damages. Those elements of damage include, but are not limited to, the following, both up to the time of trial and beyond:

    a. Medical expenses necessarily incurred and to be incurred in the treatment of Plaintiff;

    b. Travel expenses necessarily incurred and to be incurred in securing treatment for Plaintiff;

    c. The reasonable amount necessary to reimburse Plaintiff for time spent on additional tasks necessitated by this injury, such as traveling to health care providers and other tasks related to recovery;

    d. Lost earnings and lost earning capacity sustained and to be sustained by Plaintiff;

    e. Expenses necessarily incurred and to be incurred because of Plaintiff's permanent physical impairment and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform;

    f. The physical pain and suffering Plaintiff has endured and will continue to endure because of the injuries Plaintiff sustained;

    g. The mental anguish and emotional distress Plaintiff has suffered or will continue to suffer;

    h. Recovery for damages to property and/or lost property;

    i. Reasonable attorney fees; and

    j. The costs of prosecuting and presenting the evidence in this case.

22. Considering each of these elements of damages, Plaintiff has suffered damages in excess of $10,000.00.

23. Plaintiff respectfully requests that a jury determine the amount of the losses incurred in the past and to be incurred in the future, not only from a financial standpoint, but also in terms of good health and freedom from pain and worry.

### PRAYER

Plaintiff prays for judgment against Defendant as follows, for:

1. An award of special and general damages in an amount to be determined at the time of trial. Said damages are in excess of $10,000.00.

2. An award of attorney fees and costs incurred herein; and

3. Such other and/or further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by a jury of at least twelve (12) members on all issues in the above-entitled matter.

DATED this 1 day of Nov, 2017

LITSTER FROST INJURY LAWYERS

WARREN W. DOWDLE
LAURIE LITSTER FROST
Attorneys for Plaintiff

COMPLAINT AND DEMAND FOR JURY TRIAL - 6