Jed W. Manwaring, ISB No. 3040
Jon T. Simmons, ISB No. 5006
Christy A. Kaes, ISB No. 4852
EVANS KEANE LLP
1161 West River Street, Ste. 100
P. O. Box 959
Boise, Idaho 83701-0959
Telephone: (208) 384-1800
Facsimile: (208) 345-3514
E-mail:  jmanwaring@evanskeane.com
         jsimmons@evanskeane.com
         ckaes@evanskeane.com

*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BARBARA ANN GARDNER, individually,<br><br>Plaintiff,<br><br>vs.<br><br>HARBOR FREIGHT TOOLS USA, INC.,<br>a Delaware corporation,<br><br>Defendant. | Case No. 1:18-cv-00019-EJL<br><br><br>STATEMENT OF MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

Pursuant to Distr. Idaho Loc. Civl. R. 7.1(b)(1), Defendant Harbor Freight Tools USA, Inc. ("Harbor Freight") submits that the following material facts are undisputed in the record before the Court:

1.      **Plaintiff And Her Husband Visited The Boise Harbor Freight Store On February 3, 2017:**  On February 3, 2017, Plaintiff and her husband visited the Harbor Freight store located on Fairview Avenue in Boise, Idaho.  (*See* Complaint, ¶ 7.)

STATEMENT OF MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

2.      **<u>Plaintiff Fell Shortly After Entering The Store</u>:**   Plaintiff entered the Harbor Freight store in front of her husband and fell.  (*See* Complaint, ¶ 8; Transcript of the Deposition of Barbara Gardner taken August 28, 2018 ("Barbara Gardner Depo"), pertinent portions of which are attached as Exhibit "A" to the Declaration of Counsel in Support of Defendant's Motion for Summary Judgment, 43:14-21).

3.      **<u>Plaintiff Was Not Moved Immediately After Her Fall</u>:**  Photographs taken after EMS personnel arrived at the Harbor Freight store following Plaintiff's accident show both Plaintiff and the location of her fall.  (*See* Barbara Gardner Depo, 48:3-11 and 49:5-21; Ex. 1 to the Barbara Gardner Depo, attached as Exhibit "C" to the Declaration of Counsel in Support of Defendant's Motion for Summary Judgment.)   Plaintiff testified that she was not moved immediately after her fall.  (*See* Barbara Gardner Depo, 49:17-21.)

4.      **<u>Plaintiff's Claim Against Harbor Freight Relies On Her Allegation That She Tripped On A Bunched Up Or Wrinkled Floor Mat</u>:**  In her Complaint, Plaintiff alleges that "she tripped and fell on a rug that Defendant had left bunched up," (s*ee* Complaint, ¶ 8) and further alleges that "[a]t all material times, Defendant knew, or through the exercise of reasonable diligence should have known, that the rug in the entryway was bunched up, and that the bunched up rug was dangerous and/or presented an unreasonable risk of harm to the Plaintiff and the public."  (*See* Complaint, ¶ 11.)

5.      **<u>Plaintiff Has No Evidence That A Bunched Up Or Wrinkled Floor Mat Caused Her Fall</u>:**  Notwithstanding the foregoing bare allegations in her complaint, Plaintiff has failed to produce any evidence that a rug or mat at Harbor Freight was actually wrinkled or "bunched up" prior to her fall, let alone evidence that she tripped on a wrinkled or bunched up mat.

STATEMENT OF MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

a.    **Plaintiff actually has no idea what caused her to fall:**  Plaintiff herself

testified during her recent deposition that she has no idea what caused her to fall:

> Q.    Can you describe for me how you fell?
> A.     Something stopped my feet, and I went straight to the floor.  Just like my hands – I put my hands out to catch me, and I went face first.  It was just a "body plant" onto the concrete floor.
>
> ***
>
> Q.    Draw for me the layout of the area where you fell with the – I believe there were two mats as you walk in the front door.
> A.     I have no idea.
> Q.    You have no idea?  You don't have any recollection of—
> MR. DOWDLE:  Do we have photos that we can have her draw on or –
> THE WITNESS:  Well, I saw the deal that showed two mats there.
>     I did not see what I caught my feet in.
> Q.    (BY MR. SIMMONS) Okay.  So you didn't see the – particularly notice the layout of the mats, that type of thing?
> A.    No.  I was looking at the people over there at the checkout, and where I was headed.

(Barbara Gardner Depo, 43:22-44:1; 46:10-25.)  Plaintiff simply has no idea what caused her to

fall:

> Q.    (BY MR. DOWDLE)  Barbara, when you walked into the store, you have testified earlier that you were looking off into a different direction.
>     As you sit here today, do you know if your foot caught something?
>     Describe for me -- I'm trying to recall what you recall.
> A.    I was looking over at the checkout deal on the left because I was going to go behind it – as I did many times – between the wall and the checkout deal, you know, it's kind of a shortcut to go through there to where the engines were.
>     I thought, "No, there's too many people, and I'll go around on the other side."

STATEMENT OF MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

> About that time is when I was going over – and it just felt like somebody had grabbed ahold of me and nailed my feet to the floor because I was going over, and there was no tripping – nothing.
> Q.    Well, did your foot catch something?  Describe it. Do you just simply not recall?
> A.    **I don't know**.
> Q.    You just remember going down?
> A.    Yes.  I was walking, and then all of a sudden I wasn't walking.
>
> \*\*\*
>
> Q.    But, as you sit here today, just don't recall what caused you to go over?  It feels like something grabbed you?
> A.    My feet just stopped instantly.  I mean, it was just like somebody had nailed my feet to the floor because I just went over.

(*Id.* at 75:3-76:15 (emphasis added).)

   **b.    Plaintiff's spouse did not see what caused Plaintiff to fall:**  Likewise, Plaintiff's husband, who was walking behind Plaintiff when she fell, did not see what caused her to fall, and only assumed Plaintiff tripped on a floor mat.  (*See* Transcript of the Deposition of Clifford Neale Gardner taken August 28, 2018 ("Neale Gardner Depo"), pertinent portions of which are attached as Exhibit "B" to the Declaration of Counsel in Support of Defendant's Motion for Summary Judgment, at 7:25-9:1).  Significantly, Mr. Gardner admitted during his deposition that his assumption that a bunched up mat caused Plaintiff to fall was based upon an observation made well after-the-fact, after the commotion surrounding the fall had settled down:

> Q.    As you sit here today – and I think Counsel asked you, and we are trying to figure this out.
> You didn't actually see her trip on the rug?
> A.    I was following her.
> We was, like she said, we was on a mission.
> All of a sudden, right in front of me she went down.
> Q.    Okay.

STATEMENT OF MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

> A.    **After the commotion kind of settled down a little bit**, I looked around to see what had happened, and that's what I observed.

(Neale Gardner Depo., 13:23-14:7 (emphasis added).)

**6.    There Is No Evidence That Harbor Freight Knew Or Should Have Known That A Floor Mat Was Bunched Up And Presented An Unreasonable Risk Of Harm:**  As indicated above, Plaintiff's Complaint also alleges that Harbor Freight knew or should have known of the existence of a wrinkled or bunched up floor mat.  (*See* Complaint, ¶ 11)  Contrary to this bare allegation, the undisputed evidence in the record establishes that Harbor Freight employees on duty at the time of Plaintiff's accident looked and saw nothing amiss with the floor mats at the front of the store just prior to Plaintiff's fall:

> a.    **Kachina Ketchum:** Harbor Freight employee Kachina Ketchum was working at cash register 3 at the front of the store and had an unobstructed view of the area where Mrs. Gardner fell, including all of the floor mats and the metal coupon display stand. (*See* Declaration of Kachina Ketchum, ¶¶ 3-4.) Ms. Ketchum confirms the practice at Harbor Freight, and her own personal practice when working at one of the cash registers, is to frequently scan the floor mats and the area around the floor mats, and to immediately fix any problems with the floor mats should they exist, including straightening or flattening a floor mat if it is folded or bunched up. (*Id.*, ¶ 4.) More significantly, she specifically recalls looking at the floor mats and surrounding area just before Plaintiff fell on February 3, 2017, and did not see that one of the mats was folded, wrinkled or bunched up.  (*Id.*, ¶ 5.)

> b.    **Thomas McNeill:** Former Harbor Freight employee Thomas McNeill was also on duty at the time of Plaintiff's fall, working at one of the cash registers at the front of the store.  (*See* Declaration of Thomas McNeill, ¶ 3.)  Like Ms. Ketchum, Mr. McNeill

STATEMENT OF MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

maintained a habit of frequently scanning the area where Mrs. Gardner fell.  (*Id.*, ¶ 4.) Significantly, and also like Ms. Ketchum, Mr. McNeill recalls looking at the mats in that area just prior to the accident and not seeing a mat that was wrinkled or bunched up.  (*Id.*, ¶ 5.)

DATED this 31st day of October, 2018.

EVANS KEANE LLP


By: ____/s/ Jon T. Simmons_____
       Jon T. Simmons, of the Firm
       *Attorneys for Defendant*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of October, 2018, I served a copy of the foregoing on CM/ECF Registered Participants as reflected on the Notice of Electronic filing.

Warren W. Dowdle
wwd@litsterfrost.com

Laurie Litster Frost
laurie@litsterfrost.com


_____/s/ Jon T. Simmons_____
Jon T. Simmons


STATEMENT OF MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6